(No. 859—Claimant awarded $2,500.00.)

LAWRENCE CLARK, A MINOR BY MURIEL KLASEN AS NEXT FRIEND, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 1, 1925.*

STUDENT AT STATE INSTITUTION—*when award may be made for injuries sustained by.* A student at the State School for the Deaf at Jacksonville, was required to work at a planer the blades of which were not properly protected, and by reason of the unsafe condition of the machine, sustains an injury by having his fingers cut off: *Held,* He is entitled to an award for the injuries sustained.

CARL CHOISSER, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

This is a claim brought by a young man who was a student in a school for the deaf operated in the city of Jacksonville, county of Morgan in the State of Illinois. It appears that this school was equipped and under the jurisdiction and control of the State of Illinois and directly under the control and supervision of the Department of Public Welfare of the State of Illinois; that prior to Feb. 7, 1922, it appears that this claimant was required to work on a certain piece of machinery used in the Manual Training Department of the said school, known as a planer, and the claimant further alleges that it was the duty of the defendant to use reasonable care to keep the planer in reasonable and safe condition, it being further alleged that the planer was permitted to become in an unsafe and dangerous condition; that because of the fact that said planer did not have safety blades in it and was not protected, the claimant, on Feb. 7, 1922, while attempting to make a bevelled edge on a panel by using the planer for the benefit of the school as aforesaid and while using due care and caution for his own safety, his index and middle fingers were caught in the said planer and were amputated. Therefore the claimant brings his claim for $5,000.00.

The Attorney General comes and admits the facts as stated in claimant's bill of complaint, are substantially correct, the Attorney General stating that the claim was forwarded to the Department of Public Welfare where the au-

thorities upon investigation found the claim to be equitable and just to the extent and for the amount submitted to this court.

This is a deplorable accident and more pathetic because of the infirmities of the claimant and consequently commands a careful and equitable consideration. It is however the opinion of the court that the amount asked is larger than can consistently be allowed in view of the precedents in other similar cases. It is the opinion of the court however that the claimant should be allowed the sum of $2,500.00. It is therefore recommended that said amount of $2,500.00 be allowed.